UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES KURTZEBORN                              Case No.

        Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, CHARLES KURTZEBORN, by and through undersigned counsel,

hereby files this Complaint against HARTFORD LIFE AND ACCIDENT INSURANCE

COMPANY ("HARTFORD") and alleges:

## GENERAL ALLEGATIONS

1.      This is an action under the Employee Retirement Income Security Act of

1974 ("ERISA"), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b).

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in the United States District Court for the Middle District of

Florida.

4.      Defendant HARTFORD is a foreign corporation engaged in the business of

insurance in Hillsborough County, Florida, where Plaintiff resides.

5.     At all times material hereto, the Plaintiff was covered by a long-term disability insurance policy underwritten and administered by Defendant HARTFORD through an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) sponsored by her employer, which provided disability insurance benefits and other valuable benefits. A copy of the long term disability insurance policy is attached hereto as Exhibit "A."

6.     HARTFORD was a claims "fiduciary" within the meaning of 29 U.S.C. § 1104 of the employee benefit plan established by Plaintiff's employer at all times material to this action and may be sued under ERISA as an entity pursuant to 29 U.S.C.  § 1132(d)(1).

7.     Defendant HARTFORD makes the final decision to deny claims under the policy providing benefits to Plaintiff and bore the ultimate responsibility for paying said benefits, creating an inherent conflict of interest between HARTFORD's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

8.     Defendant HARTFORD has a substantial conflict of interest and its decision to deny the benefits at issue was materially influenced by its conflict of interest.

9.     Defendant HARTFORD has failed to apply the provisions of the policy consistently with respect to similarly situated claimants.

10.     Defendant's notice of denial letters failed to comply with 29 CFR § 2560.503-

1(f) as well as the "full and fair review" provisions of ERISA.

11.     Defendant's plan documents fail to comply with 29 CFR § 2560.503-1 as well as the "full and fair review" provisions of ERISA.

12.     Defendant HARTFORD has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein, failing to provide a copy of same to Plaintiff and failing to state that same will be provided upon request in its denial of Plaintiff's appeal as required by 29 CFR § 2560.503-1(j).

13.     Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b), 29 CFR § 2560.503-1(f), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h), and 29 CFR § 2560.503-1(I) in its administration of Plaintiff's claim.

14.     Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

15.     A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

<u>COUNT ONE</u>
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C.  § 1132 (a)(1)(B)**
**Against HARTFORD**

16.     Plaintiff realleges and reavers paragraphs 1 through 15  of this Complaint, incorporating the same by reference as if specifically reinstated herein.

17.     Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance policy funded and administered by HARTFORD at all times material hereto.

18.     Defendant has failed and refused to pay the Plaintiff  sums due pursuant to the long-term disability insurance policy funded and administered by HARTFORD, at all times material hereto.

19.     Defendant has subjected Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1 and denied coverage under the long-term disability plan.

20.     Plaintiff is accordingly entitled to present evidence of disability under the *de novo* standard to this Honorable Court.

21.     Plaintiff is entitled to attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Charles Kurtezborn prays for relief from Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY for benefits due pursuant to the long-term disability insurance policy funded and administered by Defendant HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY pursuant to 29 U.S.C. §

4

1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such

other relief as the Court may deem appropriate.

**COUNT TWO**
**Action to Clarify Right to Plan Benefits**
**Pursuant to 29 U.S.C. § 1132 (a)(1)(B)**
**Against HARTFORD**

22.     Plaintiff realleges and reavers paragraphs 1 through 15  of this Complaint,

incorporating the same by reference as if specifically restated therein.

23.     Plaintiff is entitled to long-term disability benefits pursuant to the long-term

disability insurance policy which is the subject of this action.

24.     Defendant HARTFORD has denied that Plaintiff is entitled to long-term

disability insurance benefits.

25.     Section § 1132(a)(1)(B) specifically authorizes an action to clarify a plaintiff's

rights to benefits subject to insurance policies governed by ERISA like the one in this action.

26.     Defendant HARTFORD has subjected Plaintiff to an unreasonable claims

process pursuant to 29 CFR § 2560.503-1.

27.     Plaintiff is entitled to a declaration that his long-term disability insurance

benefits are payable under the long-term disability insurance policy in this action, and is

entitled to present evidence of his disability to this effect under the *de novo* standard.

28.     Plaintiff is entitled to attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE** Plaintiff Charles Kurtzeborn prays for a declaration that he is entitled

5

to reinstatement of benefits pursuant to the long-term disability insurance policy funded and administered by HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, along with any ancillary benefits to which he may be entitled as a result of a declaration of her right to same,   pursuant to § 1132 (a)(1)(B) plus interest, costs, attorney's fees as authorized by 29 U.S.C.   § 1132(g), and such other relief as the Court may deem appropriate.

Respectfully Submitted,

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33613
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff